UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN & ELLEN PALMER, Individually and on
Behalf of All Others Similarly Situated,

                                Plaintiffs,

          – against –

CVS HEALTH & NICE-PAK PRODUCTS, INC.,

                           Defendants.

**ORDER**
15-CV-2928

APPEARANCES

**Steven and Ellen Palmer:**

**Samuel H. Rudman**
**Lauren Elizabeth Karalis**
**Mark S. Reich**
Robbins Geller Rudman & Dowd LLP
58 South Service Road
Suite 200
Melville, NY 11747

**Nice-Pak Products, Inc.:**

**James M. Bergin**
Morrison & Foerster
250 West 55th Street
New York, NY 10019

**CVS Pharmacy, Inc.:**

**James M. Bergin**
Morrison & Foerster
250 West 55th Street
New York, NY 10019

**JACK B. WEINSTEIN, Senior United States District Judge:**

I.      **Introduction**

Five separate but related class actions are before the court.  They are brought by consumers who purchased moist toilet wipes sold by retailer defendants, produced by manufacturer defendants, and marked "flushable."  Alleged are defects in labeling.  Plaintiffs seek money damages and injunctive relief because they claim the product is not "flushable."  *See Kurtz v. Kimberly-Clark Corp. & Costco Wholesale Corp.*, No. 14-CV-1142 ("*Kurtz* action") (relying on New Jersey and New York law); *Armstrong & Kurtz v. Costco Wholesale Corp. & Nice-Pak Prods., Inc.*, 15-CV-2909 ("*Armstrong* action") (relying on Oregon law); *Palmer & Palmer v. CVS Health & Nice-Pak Prods., Inc.*, 15-CV-2928 ("*Palmer* action") (relying on Maryland law); *Honigman & Kurtz v. Kimberly-Clark*, 15-CV-2910 ("*Honigman* action") (relying on New York law); and *Belfiore v. Procter & Gamble Co.*, 14-CV-4090 ("*Belfiore* action") (relying on New York law).

A class action involving New Hampshire law and New Hampshire residents was withdrawn after it became likely that the court would transfer the case to the United States District Court for the District of New Hampshire.  *See Richard & Richard v. Wal-Mart Stores, Inc. & Rockline Indus.*, 15-CV-4579 ("*Richard* action"); Order, 15-CV-4579, Jan. 19, 2017, ECF No. 95 (order granting stipulation of dismissal with prejudice).

The court has considered these cases extensively.  *See, e.g.*, Science Day Part I Hr'g Tr., 14-CV-1142, 14-CV-4090, June 19, 2015; Science Day Part II Hr'g Tr., 14-CV-1142, 14-CV-4090, July 21, 2015 (scientific and evidentiary hearings conducted to determine how these cases should be administered); *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440 (E.D.N.Y. 2015) (denying defendant's motion to dismiss); *Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29

(E.D.N.Y. 2015) (outlining preliminary rulings on class certification, staying case, and referring matters to the FTC); Order Staying Cases 14-CV-1142, 15-CV-2909, 15-CV-2910, 15-CV-2928, and 15-CV-4579, Oct. 9, 2015 (staying the cases and referring matters to the FTC); *Belfiore v. Procter & Gamble Co.*, 140 F. Supp. 3d 241 (E.D.N.Y. 2015) (denying plaintiff's motion for reconsideration); *Kurtz v. Kimberly-Clark Corp.*, No. 14-CV-1142, 2015 WL 8481833 (E.D.N.Y. Dec. 10, 2015) (denying motion to lift the stay); *Kurtz v. Kimberly-Clark Corp.*, 315 F.R.D. 157 (E.D.N.Y. 2016) (encouraging the parties to explore aggregate agency adjudication of their claims with the FTC); Scheduling Order, 14-CV-1142, Oct. 13, 2016, ECF No. 252 (recommending that the parties seek centralization of cases pending all over the nation in one court, through multidistrict litigation or the appointment by the court of a special master or masters to assist in settlement); *Kurtz v. Kimberly-Clark Corp.*, No. 14-CV-1142, 2016 WL 6820405 (E.D.N.Y. Nov. 18, 2016) (describing methods of consolidation and resolution); Order, 14-CV-1142 (forthcoming memorandum and order addressing motions for class certification).

A hearing was conducted on February 2 and 3, 2017 concerning possible transfer of the instant case, among other issues and cases. *See* Hr'g Tr., 14-CV-1142, Feb. 2, 2017; Hr'g Tr., 14-CV-4090, Feb. 3, 2017 ("Feb. 3 Hr'g Tr.").

None of the parties in the *Palmer* (15-CV-2928) (Maryland) and *Armstrong* (15-CV-2909) (Oregon) cases moved to transfer. But, the court decided *sua sponte* to transfer these two cases to the United States District Court for the District of Maryland and the United States District Court for the District of Oregon, respectively.

## II.    Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A court may

transfer a case *sua sponte*. *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) ("The broad language of 28 U.S.C. [§] 1404(a) would seem to permit a court to order transfer Sua sponte").

Whether the "interests of justice" and the "convenience of parties and witnesses" favor transfer "is guided by a non-exhaustive list of factors, including: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice." *City of Perry v. Procter & Gamble Co.*, No. 15-CV-8051, 2016 WL 5416508, at *1 (S.D.N.Y. Sept. 28, 2016) (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) and *Larew v. Larew*, No. 11-CV-5771, 2012 WL 87616, at *3 (S.D.N.Y. Jan. 10, 2012)). "At the same time, '[t]here is no rigid formula for balancing' the factors and 'no single one of them is determinative.'" *City of Perry*, 2016 WL 5416508, at *1 (alteration in original) (quoting *Larew*, 2012 WL 87616, at *3).

"District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

### III.    Application of Law to Facts

In this action, the plaintiffs and putative class members are citizens of Maryland, alleging violations of Maryland law based on events that occurred in Maryland. *See generally* Compl., May 20, 2015, 15-CV-2928, ECF No. 1 ("Compl."). The case could have been filed in the District of Maryland. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

4

The convenience of the parties and witnesses and the interests of justice favor transferring the case to the District of Maryland. Venue would be more convenient for the plaintiffs in their home state of Maryland than in the Eastern District of New York. Most of the evidence that will likely be relied upon can be easily transported to any venue, with the crucial exception of plaintiffs' home plumbing system, which is located in Maryland.

Differences in state law favor a transfer of venue. "[I]t has long been recognized that: There is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflicts of laws, and in law foreign to itself." *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964) (internal quotation marks and citation omitted).

Plaintiffs allege a violation of section 13-301 of the Maryland Consumer Protection Act, whereas plaintiffs in the *Kurtz*, *Belfiore*, and *Honigman* cases are proceeding pursuant to section 349 of the New York General Business Law. *See* Compl.; Feb 3 Hr'g Tr. The two laws provide different protections to consumer plaintiffs. Under New York law, plaintiffs may be entitled to class action relief and recover statutory damages of $50 for violations of section 349. N.Y. GEN. BUS. LAW § 349 (McKinney 2014); *Cox v. Microsoft Corp.*, 778 N.Y.S.2d 147 (N.Y. App. Div. 2004); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). Maryland law does not provide for similar statutory damages. *See* MD. CODE ANN., COM. LAW § 13-408 (West 2016). Given these differences in law, it would be more appropriate for the District of Maryland to interpret and apply the Maryland Consumer Protection Act.

Factual differences between the instant case and the cases claiming violations of New York law also favor a transfer of venue. As revealed by the hearings held on February 2 and 3, 2017, consumers purchase flushable wipes produced by defendants for a variety of reasons. *See* Feb. 3

Hr'g Tr. Most consumers purchase the product as a substitute for or supplement to toilet paper. Other consumers purchase the product for uses outside of the bathroom, such as cleaning spills or wiping their children's hands while traveling. *Id.* These cases depend on the expectations a reasonable consumer would have about the product, which may vary. Some may have purchased it primarily because it is marked as "flushable." Others may have purchased it for other reasons, without regard to whether it could be flushed. *Id.* Purchasers generally consider a variety of factors when deciding whether to buy, and these differences in consumer expectations may vary from state to state. A court in the District of Maryland would be in a better position to evaluate the consumer expectations of plaintiffs residing in Maryland.

The only factor that weighs in favor of retention of the case in this district is that plaintiffs chose to bring the action here. Plaintiff's choice of forum is normally entitled to substantial deference. *City of Perry*, 2016 WL 5416508, at *2. But, "where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance." *Hernandez v. Graebel Van Lines, Inc.*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991) (internal citations omitted). "The core determination under Section 1404(a) is the center of gravity of the litigation." *Bombardier Capital Inc. v. Solomon*, No. 00-CV-848, 2000 WL 1721138, at *2 (S.D.N.Y. Nov. 17, 2000) (internal quotation marks and citation omitted). The "center of gravity" of this litigation is Maryland.

The action is transferred to the District of Maryland.

This order shall take effect on March 5, 2017. *See* Feb. 3 Hr'g Tr. No later than February 24, 2017, the parties shall file any objection.

SO ORDERED.


/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

February 17, 2017
Brooklyn, New York